J. Alan Frederick, Esq. (SBN 61170)
Angelica A. Ramos, Esq. (SBN 261472)
MARRONE, ROBINSON, FREDERICK & FOSTER
111 North First Street, Suite 300
Burbank, California 91502-1851
Ph: (818) 841-1144/Fax: (818) 841-0746
alanfrederick@mrfflaw.net
angelicaramos@mrfflaw.net

Attorneys for Defendant and Third-Party Plaintiff
DELTA SCIENTIFIC CORPORATION

BY: _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2010 JUL 14  PM 4: 10

FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. JAY CRAWFORD, an individual, and VIRGINIA CRAWFORD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DELTA SCIENTIFIC CORPORATION, a California Corporation, <br><br> Defendant. | Case No.: CV10 2960 AHM (JCx) <br><br> **DELTA SCIENTIFIC CORPORATION'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION, DECLARATORY RELIEF AND EQUITABLE INDEMNITY; AND DEMAND FOR JURY TRIAL** |
| DELTA SCIENTIFIC CORPORATION, a California Corporation, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> FRAMACO INTERNATIONAL, INC.; OVERSEAS OPERATIONS, INC.; RE & RE; THE UNITED STATES OF AMERICA; TANTELY RAMBELOSON; and EMBASSY ASSOCIATION SERVICES FOR EMPLOYEES, <br><br> Third-Party Defendants. | |

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
Ph: (818) 841-1144 / Fax: (818) 841-0746

1   COMES NOW Defendant and Third-Party Plaintiff DELTA SCIENTIFIC

2   CORPORATION (hereinafter "Delta") hereby alleges this third-party complaint for

3   itself and for no other parties, pursuant to Rule 14 of the Federal Rules of Civil

4   Procedure against Third-Party Defendants FRAMACO INTERNATIONAL, INC.

5   ("Framaco"), OVERSEAS OPERATIONS, INC. ("Overseas"), RE & RE, THE

6   UNITED STATES OF AMERICA ("United States"), TANTELY RAMBELOSON

7   ("Rambeloson") and EMBASSY ASSOCIATION SERVICES FOR EMPLOYEES

8   ("Association") as follows:

9   ## JURISDICTION AND VENUE

10   1. This Court has jurisdiction over the claims stated herein under 28 U.S.C.

11   1367(a) because such claims are so related and form part of the same controversy as

12   those asserted against Delta by Plaintiffs Jay Crawford and Virginia Crawford

13   ("Plaintiffs") in the above-titled action and the third-party defendants sued here are or

14   may be liable for all or part of said claims asserted against Delta as more particularly

15   alleged below.

16   2. This Third-Party Complaint arises out of the same controversy as the claims

17   asserted in Plaintiffs' Complaint and based upon the allegations in Plaintiffs'

18   Complaint, venue is proper in this district.

19   ## GENERAL ALLEGATIONS

20   3. Third-Party Plaintiff Delta is, and at all relevant times was, a corporation

21   organized under the laws of the State of California.  From 1974 to approximately

22   2005 Delta maintained its principal place of business in Valencia, California. Since

23   2005, Delta has maintained its principal place of business in Palmdale, California.

24   Delta manufactures and distributes component products relating to security barricade

25   systems.

26   4. Delta is informed and believes, and thereon alleges that Defendant Framaco is

27   a corporation organized under the laws of the State of New York with its principal

28   place of business in Rye Brook, New York.

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH (818) 841-1144  FAX (818) 841-0746

5. Delta is informed and believes, and thereon alleges that Defendant Overseas is a corporation organized under the laws of the State of California with its principal place of business in Redondo Beach, California.

6. Delta is informed and believes, and thereon alleges that Defendant Re & Re is a foreign company with its principal place of business in Riga, Latvia.

7. The United States is a proper party to this action under the Federal Tort Claims Act, including but not limited to 28 U.S.C. Sections 2675 and 2679.

8. Delta is informed and believes, and thereon alleges that Defendant Rambeloson is an individual living in and a citizen of Paris, France.

9. Delta is informed and believes, and thereon alleges that at the time of the incident Defendant Association was a non-profit employee association created by the Secretary of State's statutory authority under a charter approved by the Assistant Secretary for Administration of the Department of State.

## GENERAL ALLEGATIONS

10. On or about April 21, 2010, Plaintiffs filed a Complaint against Delta for injuries allegedly arising from an incident on May 30, 2008, when, through the use of "close" and "open" buttons by a security guard working at an entrance to the U. S. Embassy in Paris, France, a security barrier was closed on Plaintiff F. Jay Crawford's foot (hereinafter "Incident"). In their Complaint, Plaintiffs allege six (6) causes of action for Negligent Design, Negligent Manufacture, Negligent Failure to Warn, Strict Liability for Failure to Warn, Strict Liability for Design Defect, and Loss of Consortium. Delta hereby incorporates by this reference the allegations contained in Plaintiffs' complaint without admitting any of the allegations contained therein. A true and correct copy of the Plaintiffs' Complaint served upon Delta is attached hereto as Exhibit A.

11. On or about August 27, 1999, an order was placed with Delta for component parts including, an order for a Delta Phalanx Model 207S barrier and corresponding control panel by Framaco, by and through Overseas.

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH (818) 841-1144 / FAX (818) 841-0746

12. On or about September 20, 2001, the Delta component parts ordered by Framaco by and through Overseas, including the installation, operation and maintenance manual, were shipped for delivery to Paris, France, and were without any defect.

13. The component parts shipped by Delta complied with federal government regulations and satisfied the specifications and crash rate requirements of the U.S. Department of State.

14. Delta is informed and believes, and thereon alleges that Overseas and Framaco, and each of them, ordered, specified, selected, packaged, and/or distributed the Delta component parts.

15. Delta is informed and believes, and thereon alleges that Framaco requested that all submittals and shop drawings for the Delta component parts have the name "Framaco International" clearly printed on them selection, and on that basis is informed and believes, and thereon alleges that Framaco was involved in the specification of component parts, selection and the design of the system.

16. Delta is informed and believes, and thereon alleges that Re & Re was the prime contractor responsible for overseeing the selection, installation, design, integration, adjustment, synchronization, configuration, implementation, and/or maintenance of the entire security system at the "Gate B" of the U.S. Embassy in Paris, France, including the integration of various component parts into the design of the overall security system, which also included certain dual leaf gates and related controls with which Delta had no involvement.   Delta is further informed and believes, and thereon alleges that Overseas was also involved in the selection, installation, design, integration, adjustment, synchronization, configuration, implementation, and/or maintenance of the entire security system at the "Gate B" of the U.S. Embassy in Paris, France.

17. Delta is informed and believes, and thereon alleges that the allegations of defects by Plaintiffs directly relate to alleged defects in the entire system and its

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH: (818) 841-1144/FAX: (818) 841-0746

design, for which third party defendants are responsible.

18. Delta is informed and believes, and thereon alleges that Plaintiff Jay Crawford was employed by the Association as a General Manager and at the time of the incident was supervising a delivery of a shipment onto the grounds of the U.S. Embassy in Paris, France.

19. Delta is informed and believes, and thereon alleges that before the dual leaf gates were fully open and before the Delta barrier was in a fully down position Plaintiff Jay Crawford entered the grounds. However, Plaintiff Jay Crawford's crew could not enter because they blocked the gate from fully opening with the palette carrying the shipment that had been inspected by Plaintiff Jay Crawford.

20. Delta is informed and believes, and thereon alleges that Rambeloson pushed a button to close the dual leaf gate to allow the palette to enter, at which point the Delta barrier began to rise as it was synchronized, designed and wired to do by Overseas, Re & Re, United States and/or others under their control and direction.

21. Delta is informed and believes, and thereon alleges that Rambeloson then pressed the button to have the barrier drop down, as it was synchronized, designed and wired to do by Overseas, Re & Re, United States and/or others under their control and direction, thereby causing the barrier to close on Plaintiff Jay Crawford's foot

22. Delta is informed and believes, and thereon alleges that the United States had a property interest in the U.S. Embassy in Paris, France, and at all relevant times had possession and control of the premises where the incident occurred.

23. Delta is informed and believes, and thereon alleges that any selection, design, integration, adjustment, synchronization, configuration, implementation, and/or maintenance of the entire security system at the "Gate B" of the U.S. Embassy in Paris, France, was performed or approved at the request of or by the United States.

24. Delta is informed and believes, and thereon alleges that at all relevant times the Association had an obligation to provide a safe place to work, to adopt and

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH: (818) 841-1144 / FAX: (818) 841-0746

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH (818) 841-1144/FAX (818) 841-0746

1  adequately train its employees and/or agents on appropriate safety procedures,

2  including but not limited to the proper use of the security system to prevent injuries,

3  by, among other things, requiring that persons would not be permitted proceed past

4  one level of the security barriers prior to that barrier coming to a rest at an open

5  position to allow entry.

6      25. Delta is informed and believes, and thereon alleges that at all relevant times

7  the Association and the United States had an obligation to provide a safe work

8  environment for persons working at the U.S. Embassy in Paris, France, including but

9  not limited to providing adequate training for each security personnel on the

10  operation of the security equipment such as the Delta barrier and proper safety

11  procedures to prevent the type of accident complained of by plaintiffs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Apportionment of Fault and Contribution)

15      26. Delta incorporates by this reference paragraph 1 through 18, as though fully

16  set forth at length herein.

17      27. Delta is informed and believes, and thereon alleges that third-party

18  defendants, and each of them, was responsible, in whole or in part, for the injuries or

19  damages, if any, suffered by Plaintiffs Jay Crawford and Virginia Crawford, and/or

20  either of them, as well as the derivative injuries and damages sustained by Delta

21  related thereto by virtue of the conduct of third party defendants, and each of them. If

22  judgment is taken against Delta, or should Delta incur sums in order to resolve the

23  Plaintiffs' Complaint, third-party defendants, and each of them should be required:

24      a. to pay a share of the judgment or sums paid in order to resolve any

25      claims arising out of or relating to the Crawford action, which is in

26      proportion to the comparative negligence or other tortious conduct of

27      third-party defendants, that each has caused in connection with said

28      judgment or sums paid, as well as those sustained directly by Delta due

1    to the conduct of third-party defendants, and each of them; and

2    b.  to reimburse Delta for any payments made to Plaintiffs Jay Crawford

3        and Virginia Crawford, and/or either of them in excess of Delta's

4        proportional share of all negligence or other tortious conduct caused by

5        third-party defendants, and each of them.

6                      SECOND CAUSE OF ACTION

7                        <u>(Declaratory Relief)</u>

8        28.  Delta incorporates by this reference paragraph 1 through 20, as though fully

9    set forth at length herein.

10       29.  A determination of the proportionate degree of liability, if any of Delta, on the

11   one hand, and third-party defendants, on the other, is necessary to protect the rights of

12   Delta.

13       30.  An actual controversy has arisen and now exists relating to the legal rights

14   and duties of Delta and third-party defendants for which Delta desires a declaration of

15   its rights, contribution, apportionment and indemnification as to the following:

16       a.  That as between these parties, the responsibility, if any for the damages

17           claimed by Delta rests on third-party defendants;

18       b.  That as a result, third-party defendants are obligated to partially

19           indemnify or fully indemnify Delta for sums that Delta may be held to

20           pay as a result of any damages, judgments, settlement or other awards

21           recovered against Delta by the Plaintiffs; and

22       c.  Delta is informed and believes that third-party defendants deny any such

23           liability.

24       31.  Delta is entitled to, and hereby requests, a judicial determination of Delta's

25   rights, indemnification and contribution, any declaration that third-party defendants

26   and/or others, and not Delta, is liable for all the costs incurred.

27   ///

28   ///

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, PHOENIX, CALIFORNIA 91502-1851
PH: (818) 841-1144/FAX: (818) 841-0746

7

# THIRD CAUSE OF ACTION

## (Equitable Indemnity)

32. Delta incorporates by this reference paragraph 1 through 24, as though fully set forth at length herein.

33. To the extent that Delta is required to incur costs in connection with Plaintiffs claim, third-party defendants have an obligation to pay wholly or share in said costs. Equity dictates that Delta obtain from third-party defendants, each of them, either complete or partial reimbursement of the monies that the Delta may pay towards the injuries alleged and/or costs incurred in connection with Plaintiffs' Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Delta prays:

1.      For a declaration of the rights and obligations of Delta and third-party defendants with respect to Plaintiffs' Complaint;

2.      For judicial determination that third-party defendants, and each of them were the legal cause of any injuries and damages sustained by Plaintiffs Jay Crawford and Virginia Crawford, and/or each of them, and that third-party defendants with respect to Plaintiffs' Complaint;

3.      For indemnity by third-party defendants, and each of them, for any and all sums that Delta is obligated to pay with respect to Plaintiffs' Complaint, for those sums of money which may be equitably permitted to be recovered.

4.      That the rights, duties, and liabilities between Third-Party Plaintiff and Third-Party Defendants, and each of them, be fully determined and declared by this court;

5.      For an assessment of the percentage of fault, if any, of all parties herein;

6.      That Third-Party Defendants, and each of them, contribute their pro rata share, according to their degree of fault, to any judgment or settlement recovered or otherwise obtained by the Plaintiffs, or either of them, against the Third-Party Plaintiff, if any;

MARRONE, ROBINSON, FREDERICK & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH: (818) 841-1144, FAX (818) 841-0716

7.     For costs of suit incurred herein; and

8.     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant and Third-Party Plaintiff hereby demands a trial by a jury on all triable issues.

DATED: July /4, 2010

MARRONE, ROBINSON, FREDERICK & FOSTER, A Professional Corporation

By: _____
    J. Alan Frederick, Esq.
    Angelica A. Ramos, Esq.
    Attorneys for Defendant and Third-Party
    Plaintiff, DELTA SCIENTIFIC
    CORPORATION

EXHIBIT A

PATTON BOGGS LLP
2550 M STREET, NW
WASHINGTON, DC 20037
(202) 457-6000

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(LOS ANGELES DIVISION)

F. JAY CRAWFORD, an individual, and

VIRGINIA CRAWFORD, an individual,

    Plaintiffs,

      v.

DELTA SCIENTIFIC CORPORATION, a
California Corporation,

    Defendant.

CV10 2960 AHM (JC)

Civil Action No. _____
(Hon. _____)

DEMAND FOR JURY TRIAL

Date: April 21, 2010.

FILED
CLERK, U.S. DISTRICT COURT

APR 2 1 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## COMPLAINT

Now comes the Plaintiffs, F. Jay Crawford ("Mr. Crawford"), and Virginia Crawford ("Mrs. Crawford"), by their counsel, Patton Boggs LLP, bringing this action against Defendant, Delta Scientific Corporation ("Delta"), and for their cause states:

### Introduction

1.    On May 30, 2008, Plaintiff Jay Crawford suffered severe injuries when a 1,700-pound steel Delta barrier ("Delta Barrier") located at the "B" Building Security Gate ("B Gate") of the U.S. Embassy, Paris, crushed Mr. Crawford's right leg rendering him permanently disabled. The Delta Barrier at the B Gate was operated by a two-button operational control mechanism, which at the time of the incident, Delta knew was defective due to, among other reasons, its inability to stop or pause the opening and closing of the Delta Barrier and Delta also knew or should have known that safer alternative designs existed. In fact, on information and belief, Delta had already redesigned the operation control mechanism of the Delta Barrier because, days after the incident, Delta replaced the two-button operational control mechanism with a new safer four-

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

button unit that would have allowed the security guard to stop the Delta Barrier from crushing Mr. Crawford's leg.

### Parties

2.  Plaintiff F. Jay Crawford and Plaintiff Virginia Crawford are individuals, and residents of Mobile, Alabama.

3.  Defendant Delta Scientific Corporation is a corporation organized in the State of California with its principal place of business in Palmdale, California.  Delta manufactures and sells vehicle access control equipment.  Delta has marketed, promoted, tested, and sold vehicle access control equipment in a variety of settings, including U.S. embassies, nuclear plants, banks, manufacturing facilities, and government buildings all over the world.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs are citizens of Alabama, and Defendant Delta Scientific Corporation is a citizen of California.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as Defendant Delta can be found, and transacts business, in the Central District of California and is therefore a resident of this judicial district.  Further, Defendant Delta has engaged, within this judicial district, in the wrongful acts alleged including the design and manufacturing of the defective operational control mechanisms.

///

///

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

<u>Facts Common to All Counts</u>

6.    Upon information and belief, Delta has been producing vehicle barricade systems, parking control equipment, and guard booths since 1974.

7.    On May 30, 2008, Plaintiff Jay Crawford, General Manager for the Embassy Association Services for Employees, was supervising a delivery of a shipment of Presidential visit T-shirts onto the grounds of the U.S. Embassy, Paris.

8.    Upon Mr. Crawford's arrival at the U.S. Embassy, the security supervisor, Chef-de-Poste Rachid Abdoul, approved Mr. Crawford's entrance onto the grounds.  Mr. Abdoul then instructed the security guard to open the gates and allow Mr. Crawford and his crew to enter.

9.    After the gates began to open, Mr. Crawford entered the grounds.  At this point, the Delta Barrier was in a fully down position, but Mr. Crawford's crew could not enter because the pallet carrier holding the T-shirts was stuck behind the partially opened B Gate.

10.    Because of the way the Delta Barrier is constructed, in situations where the barrier is down, but the B Gate is not fully opened, the only corrective action is to reset the system by closing the gate.  The security guard attempted to do this using the two-button operational control mechanism.  Delta knew or should have known this was a defective design of the operational controls of the Delta Barrier and that a safer alternative was available.

11.    As Mr. Crawford walked directly toward the Delta Barrier, the security guard pressed the "CLOSE" button, which suddenly raised the barrier, causing Mr. Crawford to trip and fall over it.  The security guard, utilizing the two-button operational control mechanism, then pressed the "OPEN" button, which caused the Delta Barrier to slam down on Mr. Crawford, breaking all of

1   the bones in his right foot and ankle, dislocating the ankle from its socket, and severely

2   damaging the skin and flesh on the top of his foot.

3

4   12.   Because the security guard was using the defective two-button operational mechanism, he was

5   unable to stop the Delta Barrier from crushing Mr. Crawford's leg.  On information and belief,

6   the four-button operational mechanism (which Delta had already designed) and/or other

7   operational control mechanism improvements would have allowed the security guard to push a

8   button breaking the synchronization of the gate and the Delta Barrier, thus preventing Mr.

9   Crawford's injuries.  The defective design of the two-button operational mechanism meant that

10   the security guard operating the Delta Barrier attempted to close it, while Mr. Crawford was still

11   on top of it.  In fact, on information and belief, Delta had already redesigned the operation

12   control mechanism of the specific model of the Delta Barrier because, days after the incident,

13   Delta replaced the two-button operational control mechanism with a new four-button unit that

14   would have allowed the security guard to stop the Delta Barrier from crushing Mr. Crawford's

15   leg.

16

17

18   13.   Upon information and belief, the Delta Barrier itself, and the components constituting the

19   operational control mechanisms as well as the instruction manuals that operated the barrier were

20   designed and constructed in Delta's facility in Palmdale, California.  Upon information and

21   belief, Delta had knowledge of the barrier's high propensity for such malfunction.  Despite an

22   extensive history of malfunctions, Delta failed to address this risk by altering or redesigning the

23   barrier, the operator controls, or by rewriting the operator's manual.  These other instances

24   include, but are not limited to, the situations described in *Rodriguez v. Delta Scientific Corp; Johnson

25   v. Delta Scientific Corp.; and Simpkins v. Delta Scientific Corp.*

26

27   14.   Mr. Crawford was rushed to the American Hospital of Paris in an Embassy vehicle.

28

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

- 4 -
COMPLAINT

15.   On June 1, 2008, Mr. Crawford underwent an initial five-hour surgery on his foot under general anesthesia at the American Hospital of Paris. Four rods were inserted into his foot. A number of the smaller bones were crushed so severely that they were surgically removed, rather than being re-set.

16.   Mr. Crawford spent (20) twenty days as an inpatient at the American Hospital as necrosis of his foot progressed. After final discharge from the American Hospital, Mr. Crawford returned every two days to have the dressings changed. His foot was examined weekly at the American Hospital by an orthopedic surgeon and a plastic surgeon. Since the incident, Mr. Crawford has undergone five surgeries in attempts to repair the damage done to his foot.

17.   As a result of the injury to his right foot, Mr. Crawford has been unable to walk without a crutch. The use of the crutch caused him to shift his body weight toward the left side of his body and, consequently, Mr. Crawford has developed carpal tunnel syndrome.

18.   Mr. Crawford has undergone two surgeries to repair the carpal tunnel damage to his left hand. This injury is a direct consequence of the incident of May 30, 2008.

19.   Due to his injuries, Mr. Crawford was unable to work and was terminated from his employment. Mr. Crawford has suffered significant physical and emotional injuries and mental anguish as a result of the May 30, 2008, incident.

20.   As a result of the May 30, 2008, incident, Mr. Crawford is permanently disabled.

## CAUSES OF ACTION

### COUNT I
### (Negligent Design of Defendant Delta Barrier)

21.   Incorporated herein by reference are all allegations as set forth in paragraphs 1-20 above.

Patton Beggs LLP
2550 M Street NW
Washington DC 20037

22.    Defendant Delta negligently designed the Delta Barrier and its operating system.

23.    Defendant Delta owed a duty to Plaintiff and all individuals similarly situated to exercise ordinary care in the design of its barriers and to not utilize an unreasonably dangerous design. On information and belief, at the time of the incident, Delta knew of, and had previously designed, a safer alternative to the two-button operational control mechanism, which included, but was not limited to, inter alia, a four-button operational control mechanism that would have prevented this incident.

24.    Upon information and belief, the Delta Barrier had a history of similar malfunctions, yet Delta failed to redesign its product.

25.    Defendant Delta's failure to properly redesign and/or implement a change, including, inter alia, to the two-button operational controls that operated the gate and barrier constitutes a breach of the above-mentioned duties.

26.    As a direct and proximate result of the Defendant's breach of its duties, Plaintiff has suffered tremendous physical and mental injury, and is permanently disabled.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II
### (Negligent Manufacture by Defendant Delta)

27.    Incorporated herein by reference are all allegations as set forth in paragraphs 1- 26 above.

28.    Defendant Delta owed a duty to Plaintiff and all individuals similarly situated to exercise reasonable care in all aspects of the manufacturing process, including design, production, testing, and ultimate delivery of the finished barrier that is the subject of this Complaint.

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

29.   Separately, on information and belief, at the time of the incident, Delta knew and had previously designed a safer alternative to the two-button operational control mechanism, which included, but was not limited to a four-button operational control mechanism that would have prevented this incident.

30.   Defendant Delta's failure to conduct reasonable tests and inspections to discover the latent defect(s) in the barrier and its failure to correct that design or manufacturing defect constitutes a breach of said duty.

31.   As a direct and proximate result of Defendant Delta's breach of its duty, Plaintiff suffered tremendous physical and mental injury, and is permanently disabled.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT III
### (Negligent Failure to Warn of the Dangers Associated with Defendant's Delta Barrier)

32.   Incorporated herein by reference are all allegations as set forth in paragraphs 1-30 above.

33.   Defendant Delta had reason to believe, as a result of various other incidents involving the Delta Barrier, that the use of the same control for the barrier and the gate would create an unreasonably unsafe and dangerous condition for individuals and motor vehicles.   On information and belief, at the time of the incident, Delta knew and had previously designed a safer alternative to the two-button operational control mechanism, which included, but was not limited to, a four-button operational control mechanism that would have prevented this incident.

34.   Defendant Delta sold the barrier and its two-button operational control mechanism knowing that the system's users would be unaware of its inherent dangers.

35. Defendant Delta failed to exercise reasonable care to warn users of the Delta Barrier of the dangers and unreasonably unsafe conditions associated with the two-button operational control mechanism.

36. As a direct and proximate result of Defendant Delta's failure to warn, Plaintiff has suffered tremendous physical and mental injuries, and is permanently disabled.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT IV
### (STRICT LIABILITY – FAILURE TO WARN)

37. Incorporated herein by reference are all allegations as set forth in paragraphs 1-36 above.

38. Defendant Delta failed to give adequate warnings of the dangers of the Delta Barrier that were known or knowable in light of the generally recognized and prevailing best scientific knowledge available at the time of the manufacture and distribution, and/or failed to give adequate instructions to avoid such dangers, which failure rendered the Delta Barrier defective from a failure to warn. On information and belief, at the time of the incident, Defendant Delta knew and had previously designed a safer alternative to the two-button operational control mechanism, which included, but was not limited to a four-button operational control mechanism that would have prevented this incident.

39. Plaintiff was exposed to and injured by the Delta Barrier.

40. The Delta Barrier was defective at the time of its design, manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, the said product and its warnings, instructions, and directions failed to warn adequately of the dangerous propensities of said product, which risks were known or knowable in light of the

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

generally recognized and prevailing best scientific knowledge available at the time of manufacture and distribution by Delta.    Delta knew or should have known of the defective condition, characteristics, and risks associated with said product.

41.    Plaintiff's injury resulted from the use of the Delta Barrier that was reasonably foreseeable by Defendant.

42.    At all times, herein mentioned, the Delta Barrier was defective and Delta knew that the products were to be used by the user without inspection for defects therein.  Moreover, Plaintiff neither knew, nor had reason to know, at the time of the use of the subject product, of the existence of the aforementioned defects.

43.    As the direct and proximate result of the defective condition of the Delta Barrier as manufactured and/or supplied by Delta, and Delta's failure to warn, Plaintiff has suffered severe injuries.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT V
## (STRICT LIABILITY – DESIGN DEFECT)

44.    Incorporated herein by reference are all allegations as set forth in paragraphs 1-21 above.

45.    Delta is strictly liable for the risk of danger inherent in the design of the Delta Barrier as the risk outweighs the benefits of that design because of the gravity of danger posed by the design.  The gravity of the potential harm resulting from the use of Delta's defective products, as described in this cause of action, and the likelihood such harm would occur, outweighed the cost of feasible alternative designs, including providing adequate warning of such potential harm.  At the time

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

the Delta Barrier was designed, manufactured, and sold by Delta, safer alternative designs existed, which included designs other than those actually used, that, if selected by Delta, would have prevented, or significantly reduced the likelihood of Plaintiff's injuries, and such designs were both economically and technologically feasible at the time this product left the possession of Delta.

46.   On information and belief, at the time of the incident, Delta knew and had previously designed a safer alternative to the two-button operational control mechanism including, but not limited to, a four-button operational control mechanism that would have prevented this incident.

47.   As the direct and proximate result of the defective condition of the Delta Barrier as manufactured and/or supplied by Delta, and Delta's failure to warn, Plaintiff has suffered severe injuries.

WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT VI
## (LOSS OF CONSORTIUM)

48.   Incorporated herein by reference are all allegations as set forth in paragraphs 1-47 above.

49.   Plaintiffs Mr. and Mrs. Crawford were at all times herein mentioned husband and wife. This cause of action is brought on behalf of the Plaintiff who is the spouse of the Plaintiff who has been injured by Defendant Delta.

50.   Prior to Plaintiff Mr. Crawford suffering serious injuries as alleged, he was able and did perform the duties as a spouse. As a proximate result thereof, subsequent to the injuries, Plaintiff Mr. Crawford was and is unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance, and management of the family home.

51.     As a further proximate result of said negligence of Defendant Delta, Plaintiff Mrs. Crawford lost and was deprived of the service, love, companionship, comfort, affection, society, sexual relations and solace of Mr. Crawford as a husband. Plaintiff Mrs. Crawford is informed and believes, and therefore alleges, that because of the permanent nature of the injuries sustained by Plaintiff Mr. Crawford as hereinabove alleged, Plaintiff Mrs. Crawford will in the future continue to lose all or a portion of the aforementioned items, all to Plaintiff Mrs. Crawford's damage in an amount in excess of the jurisdictional limits of this Court, which will be shown according to proof at the time of trial. Plaintiff Mrs. Crawford suffers loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe menial and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as hereinafter follows:

52.     As a direct and proximate cause of Defendant's conduct, Plaintiffs have suffered the following injuries and damages:

    a.   General damages in an amount according to proof at time of trial;

    b.   Loss of earnings and impaired earning capacity according to proof at time of trial;

    c.   Medical expenses, past and future, according to proof at time of trial;

    d.   Damages for loss of care, comfort, society, and companionship according to proof;

Patton Boggs LLP
2550 M Street NW
Washington DC 20037

e.   For past and future mental and emotional distress, according to proof;

f.   For punitive and exemplary damages according to proof;

g.   For costs of suit incurred herein including attorneys fees to the extent permitted by law;

h.   For pre-judgment interest as provided by law; and

i.   For such other and further relief as the Court may deem just and proper

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: this 21ˢᵗ day of April 2010.

By: _____

Read K. McCaffrey
Christopher Hellmich (CA #224169)
PATTON BOGGS LLP
2550 M Street NW
Washington DC 20037
tel: (202) 457-6000
fax: (202) 457-6315

Attorneys For Plaintiff

Alan Frederick, Esq.
Marrone, Robinson, Frederick & Foster
111 North First Street, Suite 300
Burbank, CA 91502
(818) 841-1144

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. Jay Crawford, an individual, and Virginia Crawford, an individual<br><br>PLAINTIFF(S)<br>V.<br><br>Delta Scientific Corporation, a California Corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 2960 AHM (JC)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   **Delta Scientific Corporation**

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____**Christopher Hellmich**_____, whose address is **Patton Boggs LLP, 2550 M Street, NW, Washington, DC 20037**_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____**APR 2 7 2010**_____

By: _____**CHRISTOPHER POWERS**_____
            Deputy Clerk

            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

F. Jay Crawford, an individual, and
Virginia Crawford, an individual

**DEFENDANTS**

Delta Scientific Corporation, a California Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Christopher Helinich, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

**Attorneys (If Known)** Alan Frederick, Esq.
Marrone, Robinson, Frederick & Foster
111 North First Street, Suite 300
Burbank, CA 91502
(818) 841-1144

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 75,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Negligent Design of Defendant, Negligent Manufacture by Defendant, Negligent Failure to Warn of the Dangers Associated, Strict Liability - Failure to Warn, Strict Liability - Design Defect, Loss of Consorti

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat. TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alabama |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date  21 Apr 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE

STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 111 North First Street, Suite 300, Burbank, California, 91502-1851.

I served on the parties of record in this action the foregoing document described as: **DELTA SCIENTIFIC CORPORATION'S THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL** by placing a true copy thereof enclosed in a sealed envelope as follows:

Christopher Hellmich, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, CA 20037
Tel: (202) 457-6000
chellmich@pattonboggs.com
Attorneys for Plaintiffs

[X]   BY MAIL - as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Burbank, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit

[ ]   BY ELECTRONIC MAIL I caused an electronic copy to be filed with the CM/ECF court filing system pursuant to Federal Rules of Civil Procedure for all attorneys who have consented to electronic service pursuant to Local Civil Rule 5-3.3.

[ ]   BY OVERNIGHT DELIVERY I placed a true copy thereof enclosed in a sealed envelope as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for Overnight Delivery. Under that practice it would be deposited with the Over Night Delivery Service on that same day at Burbank, California in the ordinary course of business.

[ ]   BY FACSIMILE I caused a facsimile machine transmission of a true copy thereof from the facsimile machine telephone number 818/841-0746 as follows: Upon completion of the said facsimile machine transmission, the transmitting machine issued a confirmation report showing the transmission was complete and without error.

Executed on July 14 2010 at Burbank, California.

I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.

Deolinda Bruno

DELTA SCIENTIFIC CORPORATION'S THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL