# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

This case is before the Court on the motion of plaintiffs F. Jay Crawford and Virginia Crawford ("Plaintiffs") to modify the current scheduling order to permit Plaintiffs to amend their complaint to add new parties. The proposed amended complaint also incorporates the stipulated changes to the complaint that the Court granted on June 29, 2010.

This case arises out of injuries suffered by plaintiff F. Jay Crawford in 2008 in an accident involving a security barrier at the American Embassy in Paris, France. The operative complaint, filed by Plaintiffs on April 21, 2010, names Delta Scientific Corporation ("Delta") as the sole defendant. On July 14, 2010, Delta filed a third-party complaint naming as third-party defendants Framaco International, Inc. ("Framaco") and Overseas Operations, Inc. ("Overseas"). Plaintiffs now seek to amend their complaint to add Framaco and Overseas as first-party defendants. Delta does not oppose Plaintiffs' motion. Overseas has filed an opposition, which Framaco joined.

For the reasons set forth below, the Court GRANTS Plaintiffs' motion.[1]

## I. MOTION TO AMEND THE COMPLAINT

Plaintiffs bring their motion pursuant to Federal Rules of Civil Procedure 15 and

---

[1] Docket No. 42. Because the Court grants Plaintiffs' motion on the merits, the issue of whether Overseas and Framaco have standing as third-party defendants to object to the motion is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

16.[2] Rule 15(a) affords district courts the authority to grant leave to amend pleadings "when justice so requires." When a party moves to amend its pleadings after a deadline set in a pretrial scheduling order, as is the case here, the schedule may be modified to allow the amendment "only for good cause." Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of the party seeking amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citations omitted). If good cause is shown, the Court then turns to whether the amendment is proper under Rule 15.

### A. "Good Cause" Under Federal Rule of Civil Procedure 16(b)

Plaintiffs have shown good cause for their failure to seek an amendment before the January 3, 2011 deadline set by the Court's October 4, 2010 Scheduling and Case Management Order. As Plaintiffs discuss in their motion, this is not a typical personal injury case. Discovery is unusually complicated because the accident in question occurred abroad and involved the security apparatus at and of a United States Embassy. On October 25, 2010, just three weeks after the Court entered its scheduling order, "Plaintiffs served the United States Department of State (the "DOS") with a subpoena in part aimed at identifying additional responsible parties." Motion p. 3. The subpoena requested testimony and document production from the DOS by December 1, 2010.

On December 20, 2010, "[t]he parties held a lengthy conference with the DOS . . . wherein the parties reluctantly agreed to accept documents from the DOC on a rolling basis." *Id.* at 4. It was not until January 31, 2011 – well past the Scheduling Order's last day to amend pleadings – that the DOS "finally produced a small number of documents." *Id.* Nearly a month later, on February 8, 2011, "the DOS indicated that it probably had more documents, but provided no timetable for producing them." *Id.*

---

[2] In future filings, Plaintiffs should include all citations in the body of their papers rather than in footnotes.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

Plaintiffs waited for further discovery until March 15, 2011, when they filed the instant motion for leave to amend. "Though Plaintiffs attempted to wait on the DOS to produce all of the documents necessary for Plaintiffs to make a reasoned determination regarding what amendments to their Complaint were necessary, they now expect further delays and believe that they can wait no longer to amend their Complaint." *Id.*

Overseas claims that Plaintiffs have not satisfied Rule 16's diligence requirement. "While Plaintiffs may not have known of the possible involvement of Overseas prior to filing their Complaint, they knew, at least as of the time the Third-Party Complaint was filed by Delta [July 14, 2010], of Overseas' alleged role in the matter; yet, they did not seek to amend their Complaint to add Overseas until eight months later." Opposition ("Opp.") p. 4. Overseas also claims that "[t]he discovery sought from the DOS did not relate to Overseas."

Contrary to Overseas's argument, Plaintiffs have been diligent. The fact that first-party defendant Delta brought a third-party complaint against Framaco and Overseas does not mean that Plaintiffs necessarily had grounds to name Framaco and Overseas as first-party defendants without conducting further discovery. Even if such grounds existed (at least sufficient to meet Plaintiffs' obligations under Rule 11), it cannot be said that Plaintiffs lacked diligence simply because they chose to seek further discovery before amending their complaint. It appears that Plaintiffs attempted to conduct such discovery in good faith. After it was clear that their efforts timely to obtain discovery from the DOS would be futile, they reasonably promptly moved to amend their complaint. Plaintiffs sought discovery from DOS regarding the identities of additional responsible parties. Overseas argues that Plaintiffs did not seek discovery related specifically to Overseas. But if Plaintiffs had not yet identified Overseas as an additional responsible party, they can hardly be blamed for not seeking information about Overseas specifically.

Overseas also argues it will be prejudiced if Plaintiffs are permitted to amend their complaint. Overseas's current liability as a third-party defendant is limited to contribution and indemnity and only to the extent that first-party defendant Delta is found liable. If Overseas is named as a first-party defendant, its discovery obligations, its participation at trial, and its possible liability will all increase. Overseas claims that "[i]t will be prejudiced in this endeavor because of its belated and limited involvement in the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

action to date." Opp. p. 5.

For a putative new party to have to face greater discovery burdens and possible liability is not sufficient, standing alone, to preclude a finding of good cause under Rule 16. *Cf. Lucas v. Lockheed Martin Integrated Sys., Inc.*, 2008 WL 314194, *5 (D.Hawai'i Feb. 4, 2008) (Addressing a Rule 15 pleading amendment naming a third-party defendant as a first-party defendant and stating that "to the extent KBRSI is arguing that it is prejudiced because it would somehow be subject to increased liability, this argument fails. Increased liability is not prejudice sufficient to the deny the relation back of an amended complaint.").

Further, Overseas has received all discovery since October 26, 2010, when it was served with Delta's third-party complaint. More pointedly, Delta notified both Overseas and Framaco in a letter dated June 4, 2010 that Plaintiffs likely would sue both those companies directly. Overseas's status as a third-party defendant, this letter from first-party defendant Delta, and simple common sense point to the fact that Overseas has been (or at least *should* have been) on notice of potential first-party liability for some time.

The Court finds that Plaintiffs have been diligent in seeking amendment of their pleading, and have shown good cause pursuant to Rule 16. Any prejudice suffered by Overseas is not sufficient to upset this conclusion.

### B. Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." *Id.* "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Id.* at 1086-87 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, the burden of persuasion is on the party opposing amendment.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

"The four factors are generally not accorded equal weight; a showing of delay alone, for example, usually will not justify denial of leave to amend." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 186). "The factors are fairly self-explanatory, but have evolved in the case law as follows. To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." *Id.* (citations omitted). "[C]ourts have understood ['bad faith'] to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *Id.* (citation omitted). "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Overseas spends the bulk of its opposition addressing Rule 16, and touches on Rule 15 only in passing. This is apparently due to Overseas's belief that "Plaintiffs mistakenly rely on both Federal Rules of Civil Procedure 15 and 16. . . . [H]owever, only Rule 16 is relevant to a ruling on these Motions." Opp. p. 5. In fact, it is Overseas that is mistaken. The proper analysis, as set forth by Plaintiffs, involves both Rules. Regardless, as discussed above, there has been no showing of undue prejudice or delay sufficient to warrant the denial of Plaintiffs' request to amend. There have been no allegations of bad faith or that amendment would be futile.[3]

## II. CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion. Plaintiffs may file the proposed First Amended Complaint ("FAC") adding Framaco and Overseas as defendants and reflecting the stipulated changes ordered by the Court on June 29, 2010. Framaco and Overseas must answer or otherwise respond to the FAC within 14 days of this order. The Court also GRANTS Delta's request for modification of the scheduling

---

[3] Overseas did not challenge Plaintiffs' relation back argument. Therefore, the Court finds that Plaintiffs' First Amended Complaint relates back to the original complaint.

O

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2960 AHM (JCx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | F. JAY CRAWFORD, et al. v. DELTA SCIENTIFIC CORPORATION | | |

order dates and adopts the amended schedule as indicated under the "Court Order" section on the attached Exhibit A.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**MARRONE, ROBINSON, FREDERICK & FOSTER**
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 300, BURBANK, CALIFORNIA 91502-1851
PH: (818) 841-1144/FAX: (818) 841-0746

# JUDGE HOWARD MATZ
# AMENDED SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks Before Trial | Present Dates | Requested Dates | Court Order |
|---|---|---|---|---|---|
| Trial date (jury)(court) Estimated Length: **10** days | 8:00am | | 10/18/11 | 1/31/12 | 1/31/12 |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | N/A | N/A | N/A |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Coir Dire* Qs and Agreed-to State of Case | 11:00am | -2 | 10/3/11 | 1/24/12 | 1/23/12 |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -4 | 9/19/11 | 1/10/12 | 1/9/12 |
| Last day for hand-serving and filing Motions in Limine | | -6 | 9/6/11 | 12/31/11 | 1/2/12 |
| Last Day to Meet Before Final Pretrial Conference (L.R. 16-2) | | 8 | 8/22/11 | 12/19/11 | 12/19/11 |
| Last Day for hearing motions | 10:00am | 8 | 8/22/11 | 12/19/11 | 12/19/11 |
| Last Day for hand-serving motions and filing (other than Motions in Limine) | | 12 | 7/25/11 | 11/21/11 | 11/21/11 |
| Non-expert Discovery cut-off | | -14 | 7/11/11 | 11/11/11 | 11/14/11 |
| Expert Discovery cut-off | | -6 | 9/6/11 | 12/31/11 | 1/2/12 |
| Rebuttal Expert Witness Disclosure | | -9 | 8/15/11 | 12/9/11 | 12/12/11 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | -13 | 7/18/11 | 11/11/11 | 11/14/11 |
| Last day to conduct Settlement Conference | | | 7/18/11 | 11/11/11 | 11/14/11 |
| Last Day to Amend Pleadings or Add Parties | | | 1/3/11 | 5/23/11 | 5/23/11 |

EX.A.AMENDED SCHEDULE OF PRE-TRIAL DATES3.28.11

1

**EXHIBIT A- AMENDED SCHEDULE OF PRETRIAL DATES**